RECEIVED

JUL 2 3 2019

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:18-cr-86 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| CHRISTOPHER LEE COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the Defendant,

CHRISTOPHER LEE COLLINS, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1.     <u>Subject Offenses</u>.   Defendant will plead guilty to Count 1 of the Indictment, that

is, Receiving Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2)

and 2252(b)(1). Defendant will plead guilty to Count 3 of the Indictment, that is, Possession of

Obscene Visual Representation of the Sexual Abuse of Children, in violation of Title 18, United

States Code, Sections 1466A(b)(1) and 2252A(b)(1). Defendant is subject to the enhancement

under this statute for both counts due to a prior qualifying offense. Defendant also agrees to

forfeiture of the electronic equipment listed in the Indictment.

2.     <u>Charge Being Dismissed</u>.   If the Court accepts this Plea Agreement, Count 2 of the

Indictment will be dismissed at the time of sentencing.

3.     <u>No Further Prosecution</u>.   The Government agrees that Defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1)

any criminal act occurring after the date of this agreement, or (2) any crime of violence. This plea

agreement takes into account conduct by defendant that occurred at the Muscatine County Jail on

1

or about May through July 2019, as laid out in paragraph 8(h) below. The Government makes no agreements regarding charges for criminal conduct after this plea agreement is entered.

**B.     MAXIMUM PENALTIES**

4.     <u>Maximum and Mandatory Minimum Punishment</u>.  Defendant understands that the crime to which Defendant is pleading guilty to in Count 1 carries a mandatory minimum sentence of at least fifteen (15) years in prison and a maximum sentence of up to forty (40) years in prison; a maximum fine of $250,000; and a term of supervised release of at least five (5) years up to life. No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. Defendant understands that the crime to which Defendant is pleading guilty to in Count 3 carries a mandatory minimum sentence of at least ten (10) years in prison and a maximum sentence of up to twenty (20) years in prison; a maximum fine of $250,000; and a term of supervised release of at least five (5) years up to life. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. Defendant agrees that he is subject to the enhanced penalties under Title 18 USC 2252(b)(1) and 2252A(b)(2), due to having a prior conviction under Chapter 110, being a 2008 conviction for Possession of Child Pornography out of the Southern District of Iowa, case number 3:07-cr-632.

5.     <u>Supervised Release--Explained</u>.  Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.  If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to three (3) years in prison (Count 1) and up to two (2) years in prison (Count 3), without any credit for time previously served.

6.     <u>Detention</u>.   Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the

2

completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C.    NATURE OF THE OFFENSE -- FACTUAL BASIS

7.    <u>Elements Understood</u>.  Defendant understands that to prove the offense alleged under **Count 1 Receiving Child Pornography**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) the defendant knowingly received a visual depiction that had been shipped or transported in interstate or foreign commerce by any means including by computer;
>
> (b) the production of that visual depiction involved the use of a minor engaging in sexually explicit conduct; and
>
> (c) the visual depiction was of such conduct.

Defendant understands that to prove the offense alleged under **Count 3 Possession of Obscene Visual Representation of the Sexual Abuse of Children**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) the defendant knowingly possessed a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting;
>
> (b) the visual depiction depicted a minor engaging in sexually explicit conduct that was obscene; and
>
> (c) the visual depiction involved in the offense has been mailed, or has been shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

8.    <u>Elements Admitted</u>.  As a factual basis for Defendant's plea of guilty, Defendant admits the following:

> (a)    An employee from a domestic abuse shelter brought to the Davenport Police Station a laptop stating that it contained child pornography. Officers conducted a search of the Dell Inspiron laptop computer which revealed 26 images of child pornography. Most of the images contained females, but one of the images did depict the penis of a

3

young boy. The children's genitalia were either visible or they were engaged in a sexual act. The estimated ages of the children were between one year and early to mid-teens. The creation date of these photos were between August 16, 2017, and August 26, 2017. There were also terms used to search the internet with included "illegal porn-Lolita's," "naked preschool girls," and "illegal kid pics."

(b)    Some of the images were associated as being cached files associated with internet browsing while other were actually saved to folders on the local hard drive. One child pornography image was located in the unallocated hard disk space. Two images of child erotica were located that were of young girls displaying their breasts but not their genitalia. In addition, there were numerous other images depicting young girls modeling various forms of clothing and "Hentai" or "Anime" cartoon child pornography was also present on the hard drive. A further review of the computer revealed 28 images of anime (a style of animation originating in Japan) depicting child pornography. These images clearly show children under the age of 18 either engaged in a sex act or lascivious exhibition of their genitals. There is one image wherein the child is in leg irons and another image wherein the adult sexual partner is choking the minor child who is engaged in a sexual act.

(c)    The investigation revealed that Collins lived at a residence on Marquette Street at which time he exclusively used that seized laptop there multiple times a day during the month of August 2017.

(d)    Collins was interviewed and admitted that he saved possibly hundreds of images of anime, and that he looked at a couple nude websites which included images of nude minors. Collins admitted that he viewed these images for sexual gratification and arousal. He further admitted that the Dell computer was in his possession for the majority of the time he was living at the Marquette address which was in the month of August 2017.

(e)    Between August 16, 2017 and August 26, 2017, Collins knowingly received visual depictions that the production of which involved the use of a minor engaging in sexually explicit conduct using his computer. The images were of those minor engaged in sexually explicit conduct.

(f)    Between August 16, 2017 and August 26, 2017, Collins knowingly possessed at least one visual depiction of any kind, including a drawing, or cartoon that depicted a minor engaged in sexually explicit conduct and was obscene.

(g)    Some of all the activities listed above, occurred in Davenport, Iowa, in the Southern District of Iowa.

(h)    Collins acknowledges that while he was awaiting resolution of this case, he was housed at the Muscatine County Jail. While at the jail, he drew images that were confiscated by jail staff on May 16, May 21, and July 7, 2019. These drawings contained images of children engaged in sexual intercourse. Multiple images were of young

females performing sexual acts on adults including oral sex. Additional images depicted adults performing sexual acts on children including vaginal and anal sex. There was less than 150 drawings taken from Collins cell. Collins admitted to knowingly possessing these images that he drew. Collins drew these images because he "was into children" and interested in child pornography. The investigation revealed that the paper and writing utensils used by Collins to draw those images were shipped in from out of the state of Iowa to the Muscatine County Jail where Collins purchased them. Collins knowingly possessed a visual depiction that depicted minors engaged in sexually explicit conduct and was obscene. These activities occurred in the Southern District of Iowa.

(i)      Collins plead guilty in 2008 in case number 3:07-cr-632 to Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2. Collins was sentenced to 78 months imprisonment and ten years of supervised release on February 26, 2009.

9.      <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.      <u>Venue</u>. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D.      SENTENCING

11.      <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)      The nature of the offenses to which Defendant is pleading guilty;

(b)     The nature of the images involved, including the age of the children depicted and the nature of the sexually explicit conduct, the number of such images, and the length of videos;

(c)     Whether the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, and how many minors were exploited;

(d)     Whether a computer was used in the offense;

(e)     Whether the child pornography images were distributed for any valuable consideration, including other child pornography;

(f)     Whether the offense involved distribution to a minor, and whether that was intended to persuade the minor to engage in any illegal activity;

(g)     Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(h)     The nature and extent of Defendant's criminal history (prior convictions); and

(i)     Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.   Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12.     <u>Acceptance of Responsibility.</u>   The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1.  The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely

notification to the Government of Defendant's intent to plead guilty.

13.     <u>Presentence Report</u>.  Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.  The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14.     <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges that he knows about and understands this order.

15.     <u>Evidence at Sentencing</u>.     The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.     <u>Joint Sentencing Recommendation</u>.   Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence of two-hundred and forty months (240) imprisonment and will not advocate for a higher or lower sentence at the

time of sentencing. This sentence takes into account criminal activity that occurred while awaiting resolution of this case, which is noted in the factual basis portion of this plea agreement in paragraph 8(h). The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of Defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial. In the event that the relevant advisory guidelines are amended and made retroactive under 18 U.S.C. § 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) plea agreement.

**E.     FORFEITURE, FINES, COSTS, AND RESTITUTION**

17.     <u>Forfeiture</u>.    Defendant agrees to forfeiture of the property identified in the Indictment, including a Dell Inspiron laptop computer.   Defendant will execute any documents as directed by the Government to complete the forfeiture.

18.     <u>Waivers Regarding Forfeiture</u>.  Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.   Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money

8

judgment amount, is collected in full.

19.    <u>Consent to Judgment of Forfeiture</u>.   Defendant agrees to waive all interest in asset subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.   Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

20.    <u>Fines and Costs</u>.   Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21.    <u>Special Assessment</u>.   Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

22.    <u>Restitution</u>.   Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments.   Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

23.    <u>Financial Statement</u>.   Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F.    LIMITED SCOPE OF AGREEMENT

24.    <u>Limited Scope of Agreement</u>.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25.    <u>Agreement Limited to Southern District of Iowa</u>.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

26.    <u>Sex Offender Registry</u>.   Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information.   Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.   As a condition of

supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

27.    <u>Trial Rights Explained</u>.  Defendant understands that this guilty plea waives the right to:

    (a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

    (d)    Confront and cross-examine adverse witnesses;

    (e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28.   <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.   Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.   These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

29.   <u>Voluntariness of Plea</u>.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

12

30.   <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)   Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)   Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)   Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.   GENERAL PROVISIONS

31.   <u>Entire Agreement</u>.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

32.   <u>Public Interest</u>.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33.   <u>Execution/Effective Date</u>.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J.   SIGNATURES

34.   <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation. I

do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

07-19-19
_____
Date

_____
CHRISTOPHER LEE COLLINS

35.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

07-19-19
_____
Date

Don Robertson
100 17th St., Ste. 405
Rock Island, IL 61201
Tel: 309-788-0471
Fax: 309-788-0480
Email: drobertson@cgslawfirm.com

14

36. <u>United States</u>.   The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

_____ 7/22/19 _____        By:   _____
Date                                            Melisa K. Zaehringer
                                                Assistant U.S. Attorney
                                                U.S. Courthouse
                                                131 E. 4th Street
                                                Davenport, Iowa 52801
                                                Tel: 563-449-5432
                                                Fax: 563-449-5433
                                                E-mail: melisa.zaehringer@usdoj.gov

15