UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:18-cr-86 |
| v. ) | |
| ) | SENTENCING MEMORANDUM |
| CHRISTOPHER LEE COLLINS, ) | |
| ) | |
| Defendant. ) | |

The government, by and through the undersigned Assistant United States Attorney, Melisa Zaehringer, files this sentencing memorandum in anticipation of the sentencing hearing currently set for November 15, 2019, at 11:30 a.m.

**TABLE OF CONTENTS**

**I.      BACKGROUND** ................................................................................................ 1

**II.     SENTENCING CALCULATION** .................................................................... 2

**III.    GOVERNMENT'S RECOMMENDATION** ..................................................... 2

**I.      BACKGROUND**

On October 17, 2018, a three-count Indictment was filed charging Christopher Lee Collins with Receiving and Possessing Child Pornography and Possessing Obscene Visual Representation of the Sexual Abuse of Children (Final Presentence Report, hereinafter "PSR," ECF 53, ¶ 1.) On July 22, 2019, the Defendant pled guilty to Counts One and Three of the three-count Indictment. (PSR ¶ 2.) The government has agreed to dismiss Count Two of the Indictment. (PSR ¶ 3.)

The Defendant has not filed any objections to the PSR and the government did not have any objections to the PSR.

## II. SENTENCING CALCULATION

In the presentence report paragraphs 26-39 and 112, the Defendant's guideline range was calculated as follows:

| | |
|---|---|
| USSG §2G2.2(a)(2) (base offense level) | 22 |
| USSG §2G2.2(b)(1) (limited to receipt or solicitation of child pornography) | -2 |
| USSG §2G2.2(b)(2) (material involving minor under 12) | +2 |
| USSG §2G2.2(b)(4) (material depicting violence) | +4 |
| USSG §2G2.2(b)(6) (use of computer for accessing with intent to view the material) | +2 |
| USSG §2G2.2(b)(7)(A) (at least 100 but fewer than 150 images) | +2 |
| Adjusted Offense Level | 30 |
| USSG §3E1.1(a) (acceptance of responsibility): | -2 |
| USSG §3E1.1(b) (acceptance of responsibility): | -1 |
| Total Offense Level | 27 |
| Criminal History Category | III |
| Guideline Sentencing Range: | 87-108 months |

*The mandatory minimum for Count one is 180 months, so the USSG range is 180 months imprisonment.

## III. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The government will ask the district court to find a total offense level of 27, criminal history category III – presenting with an advisory guideline range of 87-108 months imprisonment, however, because the mandatory minimum for count one is 180 months, that becomes the guideline range. The government and defendant will recommend a sentence 240 months imprisonment. As contemplated in the plea agreement, this joint recommendation takes into consideration the additional uncharged criminal conduct as well as all the sentencing goals. Additionally, the government will ask the court to dismiss count 2 and order forfeiture consistent with the previously filed preliminary notice of forfeiture.

This case presents initially as not a very aggravating case. The underlying case is the defendant using a borrowed computer for a matter of 10 days, and downloading 54 images of child pornography. That alone is not aggravating. What makes this case aggravated is the continued conduct of the defendant after being charged and placed in custody on that charge. Other aggravating factors include the history and characteristics of the defendant. These aggravating factors warrant an upward departure/variance.

The defendant was charged and detained at the Muscatine County Jail in October 2018. Throughout May and June 2019, the jail stuff collected child pornography images drawn by the defendant from his cell. Even after seizing the images in May, the defendant continued to draw these graphic images of children engaged in sexual contact with adults. On the third occasion,

after having been sanctioned by the jail for this conduct, the defendant apparently stopped. Based on this conduct, the defendant faced charges, however, the negotiated plea agreement took into consideration these new charges, rather than seeking a new indictment. This behavior demonstrated while in custody is consistent with the defendant's prior conduct.

In 2007, the defendant was sentenced to 78 months imprisonment for possession of child pornography. Similar to this case, he collected images of children nude and engaging in sex acts with adults. Aggravating that case is his continued non-compliance on supervised release. The PSR notes six violations filed, with a seventh violation pending. The violations include possession of pornography, use of a computer, failure to comply with sex offender treatment, and viewing sexually stimulating material. It is clear that this defendant has an addiction to child pornography and cannot control his urges to not only view but also collect and draw this material. The lack of control demonstrates that he is a real danger to the community. It is necessary to incarcerate this defendant as long as possible to ensure the community is safe. The long prison sentence previously imposed followed by supervision, wherein sex offender treatment was a condition, had no deterrent effect.

WHEREFORE, the government prays the district court consider this sentencing memorandum in determining the final sentence of the Defendant.

       Respectfully submitted,

       Marc Krickbaum
       United States Attorney

By:  */s/ Melisa Zaehringer*
      Melisa Zaehringer
      Assistant United States Attorney
      U.S. Courthouse
      131 E. Fourth Street, Suite 310
      Davenport, Iowa 52801

Tel: (563) 449-5432  
Fax: (563) 449-5433  
Email:  melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.  I hereby certify that a copy of this document was served on the parties or attorneys of record by:
\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery

\_\_X\_\_ECF/Electronic filing \_\_\_Other means

UNITED STATES ATTORNEY

By:  */s/ Melisa Zaehringer*  
Assistant U.S. Attorney